*7
 
 Matthias, J.,
 

 dissenting. I cannot concur in the
 

 view that the traveling public has an unrestricted right to the use of the entire width of the right of way of a highway as a place of public travel and transportation. That would imply a duty upon the part of those responsible to keep the entire right of way in condition for public travel and transportation. Section 9170, General Code, and cognate sections, recognize the public use and service of telephone lines and grant a right subject only to the restrictions and limitations thereby imposed. It is not therefore an unauthorized use; nor is it a private use. The provisions thereof, so limiting the use of the road for the maintenance of telegraph and telephone poles as not to incommode the public, have reference to the use of the road by the public in the usual and ordinary manner, which contemplates the use of the portion thereof designated for travel, and which ordinarily does not include the entire right of way.
 

 The rule here announced would authorize a recovery even if the telephone pole, instead of being in the edge of the ditch, and more than six feet from the outer edge of the macadam road, which is sixteen feet in width according to the evidence most favorable to the plaintiff, had in fact been beyond the ditch and just inside the bounds of the right of way. The result of any particular suit is of comparatively little consequence. The announcement of the law which fixes rights and prescribes duties and thereby governs future cases is of far greater importance.
 

 Jones, J., concurs in the dissenting opinion.